920 So.2d 682 (2006)
Marc S. COHEN, Appellant,
v.
STATE of Florida, Appellee.
No. 05-1760.
District Court of Appeal of Florida, Second District.
January 20, 2006.
STRINGER, Judge.
Marc S. Cohen challenges the postconviction court's denial of his motion to withdraw his plea to one count of robbery by sudden snatching. We reverse and remand for further proceedings.
Cohen pleaded no contest to one count of robbery by sudden snatching in violation of section 812.131(1), Florida Statutes (2002). The trial court sentenced Cohen to five years in prison as a prison releasee reoffender (PRR), stating that Cohen qualified for a PRR sentence because the Prison Releasee Reoffender Punishment Act identified "robbery" as a qualifying offense. See § 775.082(9)(a)(1)(g), Fla. Stat. (2002).
In his motion, Cohen claims that his PRR sentence for robbery by sudden snatching is illegal. We agree. In Smith v. State, 891 So.2d 1133 (Fla. 4th DCA 2005), the Fourth District reversed a PRR sentence on a conviction for robbery by sudden snatching, noting that robbery and robbery by sudden snatching are separate offenses. Because the Prison Releasee Reoffender Punishment Act refers only to robbery and not also to robbery by sudden snatching, a PRR sentence for the crime of robbery by sudden snatching is unauthorized. Id. at 1133. This court has made the same distinction between these two offenses in the context of section 985.03(48), Florida Statutes (2003), the serious or habitual juvenile offender statute. See T.N. v. State, 896 So.2d 878 (Fla. 2d DCA 2005) (holding that the identification of "robbery" as an enumerated offense in the serious or habitual juvenile offender statute could not be construed to include the offense of "robbery by sudden snatching" because they are two separate offenses prohibited by two separate statutes).
The State's argument that the legislature intended robbery by sudden snatching to be included as a qualifying offense under the Prison Releasee Reoffender Punishment Act is unpersuasive given the holdings in Smith and T.N. We therefore reverse the postconviction court's order and remand for further proceedings. On remand, the postconviction court must permit the State either to agree to Cohen's resentencing or to withdraw from the negotiated *683 plea agreement and proceed to trial.
Reversed and remanded for further proceedings.
SILBERMAN, and CANADY, JJ., Concur.