933 So.2d 45 (2006)
Jermaine THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-3143.
District Court of Appeal of Florida, Fourth District.
May 17, 2006.
Opinion Denying Rehearing July 12, 2006.
*46 Carey Haughwout, Public Defender, and Tom Wm. Odom, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
A jury convicted Jermaine Thomas of robbery by snatching in violation of section 812.131(1), Florida Statutes (2002), and fleeing and eluding in violation of section 316.1935(2), Florida Statutes (2002). Thomas was sentenced as a habitual felony offender and a prison releasee reoffender for both offenses. In this appeal, Thomas challenges his conviction for robbery by snatching, arguing there was fundamental error in the jury instructions, and the sentences imposed for both offenses. We affirm in all respects, save the prison releasee reoffender sentence imposed for the fleeing and eluding conviction, which must be reversed. A prison releasee reoffender sentence is appropriate only if the crime for which the defendant is being sentenced is one of the enumerated felonies or "[a]ny felony that involves the use or threat of physical force or violence against an individual." § 775.082(9)(a)(1), Fla. Stat. (2002). Fleeing and eluding in violation of section 316.1935(2) is neither an enumerated felony nor a felony that "involves the use or threat of physical force or violence against an individual."
Affirmed in part and Reversed in part.
STEVENSON, C.J., GUNTHER and MAY, JJ., concur.

ON MOTION FOR REHEARING
STEVENSON, C.J.
After being convicted of robbery by sudden snatching in violation of section 812.131(1), Florida Statutes (2002), and fleeing and eluding in violation of section 316.1935(2), Florida Statutes (2002), appellant, *47 Jermaine Thomas, was sentenced as a prison releasee reoffender and a habitual felony offender for both crimes. Thomas appealed, arguing the trial court fundamentally erred in instructing the jury that to find him guilty of robbery by sudden snatching, it had to find he "took the property from the person or custody" of the victim and challenging his habitual felony offender and prison releasee reoffender (PRR) sentences. In our prior opinion, we affirmed Thomas's convictions and his sentence for the crime of robbery by sudden snatching without comment. We reversed, however, his PRR sentence for the crime of fleeing and eluding as a PRR sentence is appropriate only if the crime for which the defendant is being sentenced is one of the enumerated felonies or "[a]ny felony that involves the use or threat of physical force or violence against an individual," see section 775.082(9)(a)1.o., Florida Statutes (2002), and fleeing and eluding is neither an enumerated felony nor a felony that involves the use or threat of physical force or violence.
Appellant has filed a motion for rehearing, insisting that our affirmance of his PRR sentence for the crime of robbery by sudden snatching suggests we have "overlooked" our prior decision in Smith v. State, 891 So.2d 1133 (Fla. 4th DCA 2005), and the Second District's decision in Cohen v. State, 920 So.2d 682 (Fla. 2d DCA 2006), and that had we considered these decisions, we would have concluded that the jury instructions regarding the offense of robbery by sudden snatching rose to the level of fundamental error. We deny the motion for rehearing, but write to explain our affirmance of the robbery by sudden snatching conviction and PRR sentence.
In Smith, the trial court imposed a PRR sentence for the crime of "robbery by sudden snatching," equating the crime with the "robbery" that is one of the enumerated felonies under section 775.082(9)(a)1.g. of the PRR statute. This court reversed the PRR sentence, holding "robbery by sudden snatching" was not the equivalent of the enumerated "robbery" because "robbery requires the use of force, violence, assault, or putting in fear, section 812.13, while robbery by sudden snatching does not." 891 So.2d at 1133 (citing Brown v. State, 848 So.2d 361 (Fla. 4th DCA 2003)). Cohen is in accord. We did not affirm Thomas's PRR sentence for the crime of "robbery by sudden snatching" under the rationale that "robbery by sudden snatching" is the equivalent of the enumerated crime of "robbery" under section 775.082(9)(a)1.g. Rather, we affirmed the sentence because the PRR statute allows for the imposition of a PRR sentence for one of the enumerated felonies or under section 775.082(9)(a)1.o. for "[a]ny felony that involves the use or threat of physical force or violence against an individual" and the evidence adduced at trial was to the effect that the victim and the defendant struggled over the victim's purse and the defendant essentially dragged or pulled the victim toward the rear of her car.
As for the jury instruction matter, we agree that the instruction given was erroneous. The trial judge instructed the jury that the State was required to prove Thomas "took property from the person or custody of [the victim]." The statute defining the crime provides that "`[r]obbery by sudden snatching' means the taking of money or other property from the victim's person ...." § 812.131(1), Fla. Stat. (2002) (emphasis added). In Brown v. State, 848 So.2d 361, 364 (Fla. 4th DCA 2003), this court stated that "the clear import of the statute's words is to require that the property be abruptly and unexpectedly plucked from the embrace of the person, not from that *48 person's figurative biosphere," and reversed a conviction where the victim's purse was sitting on the bench beside her when it was taken. Here, Thomas argues that the jury instruction allowed the jury to convict if the property was taken from "the custody of the victim." Thomas did not object to the instruction, however, and thus is entitled to relief only if the instruction can be said to constitute fundamental error.
An erroneous instruction rises to the level of fundamental error where "the error in the instruction relate[s] to an element of the crime that is a contested issue." Caldwell v. State, 920 So.2d 727, 731 (Fla. 5th DCA 2006); see also Reed v. State, 837 So.2d 366, 369 (Fla.2002) (holding jury instruction that inaccurately defines element of crime is fundamental error "if the inaccurately defined ... element is disputed and the inaccurate definition `is pertinent or material to what the jury must consider in order to convict'") (quoting Stewart v. State, 420 So.2d 862, 863 (Fla.1982)). Thomas points to a few isolated statements in counsel's closing argument in support of his claim that the taking from the "person" versus taking from the "custody" issue was put in dispute. We reject this contention. Thomas presented no evidence at trial. The thrust of the defense cross-examination of the victim was simply to point out inconsistencies in the victim's testimony and to suggest perhaps she was mistaken about a number of things, particularly Thomas's identity. Defense counsel never addressed with the victim that she might be mistaken in her testimony that she and the assailant struggled as she attempted to hold onto her purse. It was not until closing argument that defense counsel suggested that since the victim was mistaken about some things in her testimony, maybe she was mistaken about her struggle with the assailant over the purse and perhaps it had merely been grabbed from the car or the ground. Nothing in the evidence at trial supported counsel's speculation. Cf. Tito v. Potashnick, 488 So.2d 100, 101 (Fla. 4th DCA 1986) ("Arguing facts not in evidence or not warranted from the evidence is impermissible."). In the context of the entire record, we cannot say that the defense argument raised an actual dispute as to whether the purse was taken from the victim's person such that fundamental error may be claimed. See Davis v. State, 839 So.2d 734, 735-36 (Fla. 4th DCA 2003) (on reh'g) (finding that in order for a jury instruction which inaccurately defines an element of a crime to constitute fundamental error "there must be an actual dispute about that element raised by the evidence or argument") (emphasis added); Pratt v. State, 601 So.2d 619, 620 (Fla. 2d DCA 1992) (noting that "`fundamental error must involve a critical and disputed issue at trial'") (quoting Steele v. State, 561 So.2d 638, 645 (Fla. 1st DCA 1990)).
GUNTHER and MAY, JJ., concur.