958 So.2d 1135 (2007)
Peterson PAUL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-298.
District Court of Appeal of Florida, Fourth District.
June 27, 2007.
Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
The appellant, Peterson Paul, challenges his convictions for attempted first degree murder with a firearm and shooting a deadly missile. He claims that the trial court erred in overruling his objection to the prosecutor's improper appeal to sympathy *1136 in his closing argument. We conclude that the trial court did not abuse its discretion in overruling the objection. He also complains that he is not subject to PRR sentencing on the charge of shooting a deadly missile. Based upon State v. Hearns, ___ So.2d ___, 2007 WL 1215452 (Fla. Apr.26, 2007), we agree.
While at home one evening, Bernard Jones, the victim, was shot by Paul. Jones had known Paul from the neighborhood for several years. On the night of the shooting, Paul had come to Jones' home and had conversed with him about purchasing a vehicle before Paul fired shots at him. The next day Jones identified Paul in a photographic lineup prepared by the police.
Paul was charged by information with attempted first degree murder with a firearm (count I) and shooting a deadly missile (count II). At trial, Paul presented an alibi through the testimony of his mother. She testified that Paul was home sick at the time of the shooting, and she was with him. Defense counsel also sought to pursue a misidentification defense when Jones explained on cross-examination that he had trouble reading his deposition because his eyesight had been affected by a brain aneurism. Defense counsel also attempted to impeach Jones at trial. Jones had testified that when Paul began to shoot, Jones retreated into his house to get his gun. During Jones' deposition, he denied owning a gun. At trial he explained that the gun in the house belonged to his deceased uncle. The jury convicted Paul as charged.
Paul claims that the prosecutor improperly appealed to jury sympathy, and the trial court erred in overruling his objection to the argument. Improper prosecutorial closing argument is reviewed under the abuse of discretion standard. See Durocher v. State, 596 So.2d 997, 1000 (Fla.1992). As a general proposition, wide latitude is permitted in arguing to a jury during closing argument. Breedlove v. State, 413 So.2d 1, 8 (Fla.1982). However, comments give rise to error warranting mistrial when they are so prejudicial as to vitiate the entire trial. Mannarino v. State, 869 So.2d 650, 652 (Fla. 4th DCA 2004). Whether this is so depends upon the facts of each case.
Standing alone, the prosecutor's remarks appear to be an improper appeal for sympathy. However, in the context of this shooting case we cannot say that they require reversal. The defense attempted to paint the victim as an untruthful gun owner. Rather than an appeal to sympathy, we interpret the prosecutor's remarks as essentially telling the jury that even if the jury did not like the victim, it should still apply the law to the case and find Paul guilty. The comments in this case did not vitiate the entire trial. We therefore affirm the conviction.
Paul also challenges his enhanced sentence for shooting into an occupied building. He claims that a conviction of shooting into a dwelling in violation of section 790.19 does not constitute a predicate offense for enhanced sentencing under the Prison Releasee Reoffender statute. § 775.082(9)(a), Fla. Stat. Section 790.19, Florida Statutes, criminalizes shooting deadly missiles as follows:
Whoever, wantonly or maliciously, shoots at, within, or into, or throws any missile or hurls or projects a stone or other hard substance which would produce death or great bodily harm, at, within, or in any public or private building, occupied or unoccupied, . . . shall be guilty of a felony of the second degree.
§ 790.19, Fla. Stat. (emphasis added). The PRR statute permits the imposition of *1137 a PRR sentence if the crime is "[a]ny felony that involves the use or threat of physical force or violence against an individual." § 775.082(9)(a)1.o., Fla. Stat. (2003).
In construing identical language found in the definition of "forcible felony" used for purposes of imposing a violent career criminal designation, see §§ 775.084(1)(d), 776.08, Fla. Stat., the supreme court has held that the foregoing language requires violence to be a necessary element of the felony. See State v. Hearns, ___ So.2d ___, 2007 WL 1215452 (Fla. Apr.26, 2007); see also Perkins v. State, 576 So.2d 1310 (Fla.1991). The Hearns court wrote:
[I]n the strict and literal sense required by Florida law, this language can only mean that the statutory elements of the crime itself must include or encompass conduct of the type described. If such conduct is not a necessary element of the crime, then the crime is not a forcible felony within the meaning of the final clause of section 776.08. Perkins, 576 So.2d at 1313 (emphasis added). Therefore, Perkins held that for an offense to be a forcible felony under section 776.08, the "use or threat of physical force or violence" must be a necessary element of the crime. If an offense may be committed without the use or threat of physical force or violence, then it is not a forcible felony.
___ So.2d ___, ___, 2007 WL 1215452 at *4. The Hearns court applied that reasoning to the crime of battery on a law enforcement officer and concluded that it was not a forcible felony because it could be committed by a mere touching which would not necessarily involve "the use or threat of physical force or violence" within the meaning of the statute.
Hearns also cites to Hudson v. State, 800 So.2d 627 (Fla. 3d DCA 2001). There, the Third District held that a violation of section 790.19 for shooting into a building did not constitute a forcible felony for purposes of enhanced sentencing under the VCC statute, because the use or threat of physical force against any individual was not a necessary element of the offense.
Under the PRR statute the result must be the same, as the forcible felony language is exactly the same. As the court noted in Hearns, "We have held that where the Legislature uses the exact same words or phrases in two different statutes, we may assume it intended the same meaning to apply. See Goldstein v. Acme Concrete Corp., 103 So.2d 202 (Fla. 1958)." ___ So.2d ___, ___, 2007 WL 1215452 at *5.
The state relies on Thomas v. State, 933 So.2d 45 (Fla. 4th DCA 2006), where this court did not simply look to the elements of the crime to determine whether robbery by sudden snatching fit within the same "catch-all" forcible felony provision of the PRR statute. In explaining our result we said:
we affirmed the sentence because the PRR statute allows for the imposition of a PRR sentence for one of the enumerated felonies or under section 775.082(9)(a)1.o. for "[a]ny felony that involves the use or threat of physical force or violence against an individual" and the evidence adduced at trial was to the effect that the victim and the defendant struggled over the victim's purse and the defendant essentially dragged or pulled the victim toward the rear of her car.
Id. at 47 (emphasis added). Thus, in Thomas we did not look exclusively to the statutory elements of the crime. This is contrary to Hearns by which we are now bound. Therefore, Paul is not subject to PRR sentencing on a conviction for a violation of section 790.19 on remand.
*1138 For the foregoing reasons we affirm the conviction but reverse and remand for resentencing in accordance with this opinion.
POLEN and GROSS, JJ., concur.