PER CURIAM.
We affirm the trial court’s denial of appellant’s untimely and successive postcon-viction motion. Although appellant raised a claim of an illegal sentence in his motion, which could have been considered under Rule 3.800(a), that claim was rejected on direct appeal and lacks merit.
Appellant was convicted under section 790.19, Florida Statutes (2001), of shooting into an occupied vehicle and sentenced as a prison releasee reoffender (PRR). He again argues that his offense does not qualify under the forcible felony catch-all provision of the PRR statute. § 775.082(9)(a)l.o., Fla. Stat. (2001) (providing that the provisions of the PRR statute may apply to those convicted of “[a]ny felony that involves the use or threat of physical force or violence against an individual”).
Applying the strict statutory elements analysis required by State v. Hearns, 961 So.2d 211 (Fla.2007), this offense necessarily includes the use of force or violence against an individual. To commit a violation of section 790.19, a vehicle must be occupied. This case is distinguishable from Paul v. State, 958 So.2d 1135, 1136-38 (Fla. 4th DCA 2007), and Hudson v. State, 800 So.2d 627 (Fla. 3d DCA 2001), which involved shooting into a building. Under section 790.19, a building may be occupied or unoccupied. A conviction under that aspect of the statute does not necessarily require the use of force against an individual.
When conducting the statutory elements analysis required by Hearns, although a court may not look to the facts of the case in deciding whether the use of force is involved, a court is not required to ignore the elements of the particular provision of the statute under which appellant is charged. Appellant’s PRR sentence is not illegal on this ground because his offense necessarily required the use of force or violence against an individual. We recognize and certify that this decision directly conflicts with the decision in Crapps v. State, 968 So.2d 627 (Fla. 1st DCA 2007).
The trial court’s order denying appellant’s postconviction motion is affirmed.
WARNER, MAY and CIKLIN, JJ., concur.