WARNER, J.
 

 Louis Lopez appeals his convictions and sentences for aggravated assault, burglary of a dwelling with an assault or battery, two counts of attempted felony murder, and shooting a deadly missile at a vehicle. He raises two claims of error as to his conviction, one as to the denial of a juror challenge for cause and the other as to his attorney’s ineffective assistance in failing to object to an out-of-court identification. We find no error on either issue.
 

 First, appellant claims that the trial court erred in denying a challenge for cause to one of the jurors. Specifically, the juror expressed concern that the “beyond a reasonable doubt” burden would make it harder to find the appellant guilty or not guilty. This statement does not show bias for or against the defense. As we said in
 
 Juede v. State,
 
 887 So.2d 1114, 1115 (Fla. 4th DCA 2008),
 

 A juror should be dismissed for cause where there is reasonable doubt as to his or her impartiality.... The applicable test is whether a juror can lay aside any bias or prejudice and render a verdict solely on the evidence presented and the instructions on the law given by the court.... Whether a challenged juror’s responses meet the ... test is a mixed question of law and fact to be resolved by the trial court.
 

 (citations omitted). We conclude that the court properly denied the challenge because the juror did not evidence any bias.
 

 Second, appellant also claims ineffective assistance of counsel on the face of the record for failure of his attorney to object to an unnecessarily suggestive out-of-court identification of appellant. Ineffective assistance of counsel arguments are not cognizable on direct appeal generally.
 
 McKinney v. State,
 
 579 So.2d 80, 82 (Fla. 1991). We find that the general rule is applicable here.
 

 Affirmed,.
 

 [1]
 

 MAY, C.J., and POLEN, J., concur.
 

 . In the initial brief on appeal, appellant also raised errors in sentencing. These were corrected through a Rule 3.800(b)(2) motion in the trial court. However, we would note that one of the sentences did not require correction, based upon case law developed after the sentence correction. Appellant was charged with and was found guilty of shooting a deadly missile into an occupied vehicle. The judge sentenced him as a PRR to fifteen years in prison. The state conceded that shooting a deadly missile is not a qualifying offense for PRR sentencing, citing
 
 Paul v. State,
 
 958 So.2d 1135 (Fla. 4th DCA 2007).
 
 Paul
 
 involved shooting into a
 
 building,
 
 a crime which did not qualify for PRR sentencing. However, in
 
 Paul v. State,
 
 59 So.3d 193 (Fla. 4th DCA 2011), we held that shooting a deadly missile into a
 
 vehicle
 
 would qualify for PRR sentencing, because section 790.19 required the vehicle to be occupied.