792 So.2d 582 (2001)
STATE of Florida, Appellant,
v.
Eric CRENSHAW, Appellee.
No. 2D00-66.
District Court of Appeal of Florida, Second District.
August 8, 2001.
Robert A. Butterworth, Attorney General, Tallahassee, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Appellant.
Joseph F. McDermott of McDermott Law Firm, P.A., St. Pete Beach, for Appellee.
*583 WHATLEY, Acting Chief Judge.
The State of Florida appeals Eric Crenshaw's sentences for battery on a law enforcement officer and escape, arguing that the trial court did not have discretion in determining whether to sentence Crenshaw pursuant to the Prison Releasee Reoffender Act (the "Act") after the State filed notice of Crenshaw's qualifications to be sentenced under such. § 775.082, Fla. Stat. (1997). We reverse.
In State v. Cotton, 769 So.2d 345 (Fla.2000), the supreme court held that the discretion to determine whether to impose a sentence pursuant to the Act belonged to the prosecutor and not to the trial court. Here, Crenshaw argues that there were extenuating circumstances in his case, which is one of the exceptions listed in the Act. However, in Cotton, the supreme court held that the prosecutor, not the trial court, must determine whether there are extenuating circumstances precluding the imposition of the Act. Id. at 348.
Crenshaw also argues that neither battery on a law enforcement officer nor escape are enumerated offenses under the Act. We disagree. In Brown v. State, 789 So.2d 366 (Fla. 2d DCA 2001), this court held that battery on a law enforcement officer is a qualifying offense for prison releasee reoffender sentencing. Further, the escape offense in this case is a qualifying offense under the Act, as it is a felony that involved the use of physical force or violence against an individual. See § 775.082(8)(a)(1)(o). Therefore, the sentences for both battery on a law enforcement officer and escape are qualifying offenses under the Act, and the trial court erred in not sentencing Crenshaw as a prison releasee reoffender. Because Crenshaw entered a plea based on the trial court's agreement that he would not be sentenced as a prison releasee reoffender, Crenshaw should be given the opportunity to withdraw his plea on remand.
Accordingly, we reverse Crenshaw's sentences and remand for resentencing. While we recognize the State's discretion pursuant to the Act, we nevertheless suggest that the State carefully consider the mitigating circumstances in this case in determining whether a prison releasee reoffender sentence is appropriate.
GREEN and SILBERMAN, JJ., Concur.