858 So.2d 1071 (2003)
Robert JOHNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-2021.
District Court of Appeal of Florida, Third District.
September 3, 2003.
Rehearing and Rehearing Denied November 7, 2003.
*1072 Bennett H. Brummer, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Richard L. Polin, Senior Assistant Attorney General, and Joseph A. Brophy, Certified Legal Intern, for appellee.
Before GODERICH, GREEN, and FLETCHER, JJ.
Rehearing and Rehearing En Banc Denied November 7, 2003.

ON MOTION FOR REHEARING GRANTED
PER CURIAM.
The opinion filed November 6, 2002 is withdrawn, and the following is substituted in its place.
Robert Johnson was convicted of (among other offenses) one count of battery on a law enforcement officer and was sentenced as a violent career criminal as provided by section 775.084, Florida Statutes (2001). We reverse, and remand for resentencing.
Johnson's current (battery) offense, spitting on a law enforcement officer, is not one of the forcible felonies enumerated in section 776.08 and does not amount to "the use or threat of use of physical force or violence" as provided by that section.[1] Battery is a qualifying offense where the defendant struck or intentionally caused bodily harm to another person. § 784.03(1)(a)1, 2, Fla. Stat. (2001). While spitting on a law enforcement officer amounts to an unwanted touching, it does not amount to the use or threat of use of physical force or violence. Johnson's spitting offense is not a qualifying one for sentencing as a violent career criminal.
Because Johnson does not have any current qualifying offense that would authorize application of the violent career criminal sentencing statute, we reverse and remand for a new sentencing proceeding in accordance with this opinion.
NOTES
[1] Imposition of a violent career criminal sentence requires the trial court find that, in addition to three or more prior qualifying felony convictions, the defendant's current conviction must also be a qualifying offense. See § 775.084(1)(d)(1)a-g, (2),(3), Fla. Stat. (2001).