912 So.2d 377 (2005)
Bill Monroe HEARNS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-3384.
District Court of Appeal of Florida, Third District.
October 12, 2005.
*378 Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Fredericka Sands, Assistant Attorney General, for appellee.
Before GERSTEN, FLETCHER, and RAMIREZ, JJ.

ON REHEARING GRANTED
FLETCHER, Judge.
Bill Monroe Hearns seeks rehearing from this court's January 22, 2003 opinion affirming denial of post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We grant rehearing, withdraw our previous opinion, and substitute the following.
In 2000, Hearns was convicted after jury trial of unlawful possession of a firearm by a three-time convicted felon. Before trial, pursuant to defense counsel's advice, Hearns stipulated that he had the requisite prior felony offenses enumerated in section 775.084(1)(c)1., Florida Statutes (1998 Supp.).[1] As a result of that stipulation, the jury was instructed that Hearns had been *379 convicted of three qualifying felonies. Hearns received a mandatory sentence of life in prison without parole as a Violent Career Criminal [VCC]. On direct appeal, this court affirmed.
One of the felony convictions the trial court relied upon to apply VCC sentencing was Hearns' 1985 conviction for battery on a law enforcement officer. As this court has previously determined, in order to qualify as a "forcible felony" under the statute the offense must be one that involves the "use or threat of physical force or violence against any individual." § 776.08, Fla. Stat. (2000). Mere unwanted touching does not amount to the "use or threat of use of physical force or violence." See Johnson v. State, 858 So.2d 1071 (Fla. 3d DCA 2003)("while spitting on a law enforcement officer amounts to unwanted touching, it does not amount to the use or threat of use of physical force or violence"). See also § 784.03(1)(a) and (b), Fla. Stat. (1985)(statutory elements of battery).
Battery on a law enforcement officer then, is not invariably a qualified offense for VCC sentencing. As the Florida Supreme Court has noted,
"The statute does not say that a forcible felony is any felony that `may sometimes' involve violence, or even a felony that `frequently does' involve violence. Rather, the statute requires that the felony actually `involves the use or threat of physical force or violence against any individual.' (emphasis added)....
Thus, in the strict and literal sense required by Florida law, this language can only mean that the statutory elements of the crime itself must include or encompass conduct of the type described. If such conduct is not a necessary element of the crime, then the crime is not a forcible felony within the meaning of the final clause of section 776.08."
Perkins v. State, 576 So.2d 1310, 1313 (Fla. 1991).
As Hearns points out, simple battery is a misdemeanor, which becomes a felony because of the status of the victim. The State has not shown with any certainty (has not shown at all, in fact) whether the battery on a law enforcement officer was a mere unwanted touching, see section 784.03(1)(a), Florida Statutes (1985), or caused bodily harm, see section 784.03(1)(b), Florida Statutes (1985). With regard to the application of a criminal statute, it is fundamental that a court must construe the statute strictly in favor of the accused. See § 775.021, Fla. Stat. (1985). Following Perkins, with no record evidence that Hearns' conduct against a law enforcement officer was a forcible felony, it cannot be used as a qualifying prior for purposes of VCC sentencing. Perkins, 576 So.2d at 1313.
The State argues that Hearns' stipulation that he had the three requisite prior forcible felonies bars post-conviction relief on that issue. We disagree. The record shows that defense counsel advised Hearns to stipulate that he had been convicted of three felonies, when one of the offenses relied upon was not a qualifying "forcible felony" offense. Thus, but for the faulty stipulation Hearns would not have been sentenced as a VCC. We conclude that Hearns' stipulation does not bar post-conviction relief because the underlying substantive offense necessary for such sentencing does not exist. See Lee v. State, 731 So.2d 71 (Fla. 2d DCA 1999).
In light of the foregoing, we find that Hearns did not qualify for sentencing as a VCC. We reverse the order denying post-conviction relief and remand with directions that Hearns be resentenced in *380 case number 98-34265 without VCC enhancement. Hearns shall be present and represented by counsel at the resentencing.
Reversed and remanded.
NOTES
[1] "(1) As used in this act:

....
(c) `Violent career criminal' means a defendant for whom the court must impose imprisonment pursuant to paragraph (4)(c), if it finds that:
1. The defendant has previously been convicted as an adult three or more time for an offense in this state or other qualified offense that is:
a. Any forcible felony, as described in s. 776.08;
b. Aggravated stalking, as described in s. 784.048(3) and (4);
c. Aggravated child abuse, as described in s. 827.03(2);
d. Aggravated abuse of an elderly person or disabled adult, as described in s. 825.102(2);
e. Lewd, lascivious, or indecent conduct, as described in s. 800.04;
f. Escape, as described in s. 944.40; or
g. A felony violation of chapter 790 involving the use or possession of a firearm."