961 So.2d 211 (2007)
STATE of Florida, Petitioner,
v.
Bill Monroe HEARNS, Respondent.
No. SC05-2122.
Supreme Court of Florida.
April 26, 2007.
Rehearing Denied July 10, 2007.
*212 Bill McCollum, Attorney General, Tallahassee, FL, Richard L. Polin, Bureau Chief, Criminal Appeals and Douglas J. Glaid, Senior Assistant Attorney General, Miami, FL, for Petitioner.
Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, Eleventh Judicial Circuit, Miami, FL, for Respondent.
CANTERO, J.
In this case, we decide whether battery on a law enforcement officer (BOLEO) is a "forcible felony" for purposes of a statute that increases criminal sentences for violent career criminals. We review Hearns v. State, 912 So.2d 377 (Fla. 3d DCA 2005), based on express and direct conflict on two issues. First, the decision conflicts with our decision in Perkins v. State, 576 So.2d 1310 (Fla.1991), on the issue of whether, in determining whether a particular crime is a "forcible felony," one considers the evidence in the case or only the statutory elements of the offense. Second, the decision conflicts with cases from other district courts of appeal on the question of whether BOLEO is a forcible felony. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. As we explain below, we approve the result in this case, holding that BOLEO is not a forcible felony, but disapprove part of the district court's reasoning. Consistent with our decision in Perkins, we hold that, in determining whether a crime constitutes a forcible felony, courts must consider only the statutory elements of the offense, regardless of the particular circumstances involved.

I. FACTS AND PROCEDURAL HISTORY
In 2000, Respondent, Bill Monroe Hearns, was convicted of unlawful possession of a firearm by a three-time convicted felon. The trial court designated him a violent career criminal (VCC) under section 775.084, Florida Statutes (2000), and pursuant to that statute sentenced him to life in prison. One of the qualifying offenses on which the trial court relied in *213 designating Hearns a violent career criminal was a 1985 conviction for BOLEO. On direct appeal, the district court affirmed the sentence.
Respondent then filed a motion for postconviction relief, arguing that BOLEO should not be considered a qualifying offense for VCC sentencing. The trial court denied the postconviction motion and Respondent appealed. The district court initially affirmed the trial court's denial, but on rehearing it reversed, holding that "[b]attery on a law enforcement officer . . . is not invariably a qualified offense for VCC sentencing." Hearns, 912 So.2d at 379. The district court noted that BOLEO may be committed either through an unwanted touching or by causing bodily harm to a law enforcement officer. Citing our holding in Perkins, 576 So.2d at 1310, the court held that BOLEO is a forcible felony only when it involves bodily harm. The court held that for a BOLEO conviction to qualify as a forcible felony under the VCC statute, the State must prove that the defendant caused bodily harm, rather than mere unwanted touching. Hearns, 912 So.2d at 377.[1] The State sought review in this Court.

II. ANALYSIS
Two issues of conflict arise in this case. The first is the district court's holding that to obtain a VCC designation based on a conviction of BOLEO, the State may (or must) prove that the circumstances of the particular case involved bodily harm. In Perkins, 576 So.2d at 1310, however, we held that in determining whether an offense constitutes a forcible felony, a court may only consider the statutory elements. The particular circumstances are irrelevant. The second conflict is the district court's holding that "mere unwanted touching" does not "involve the use or threat of use of physical force or violence." That holding conflicts with cases from other courts of appeal. See Jenkins v. State, 884 So.2d 1014 (Fla. 1st DCA 2004); State v. Crenshaw, 792 So.2d 582 (Fla. 2d DCA 2001); Brown v. State, 789 So.2d 366 (Fla. 2d DCA 2001); Spann v. State, 772 So.2d 38 (Fla. 4th DCA 2000); Branch v. State, 790 So.2d 437 (Fla. 1st DCA 2000).
We resolve these conflicts by (A) examining the relevant statutes involved in this case; (B) reviewing the test we articulated in Perkins for determining whether an offense is a forcible felony; (C) analyzing the conflict among the district courts; and (D) applying our Perkins test to the BOLEO statute to resolve the conflict between the district courts.

A. The Statutes
Three statutes inform our analysis: those defining battery and criminalizing BOLEO, and the violent career criminal statute. We discuss each in turn.

1. Battery on a Law Enforcement Officer (BOLEO)
Under the Florida Statutes, battery is a crime, but it is not always a felony. Two battery statutes are relevant in this case: simple battery, section 784.03, Florida Statutes (2006), and battery on a law enforcement officer, section 784.07, Florida Statutes (2006). The simple battery statute provides:
(1)(a) The offense of battery occurs when a person:
1. Actually and intentionally touches or strikes another person against the will of the other; or

*214 2. Intentionally causes bodily harm to another person.
(b) Except as provided in subsection (2), a person who commits battery commits a misdemeanor of the first degree.
§ 784.03(1), Fla. Stat. (2006).[2] As can be seen, subsections (1)(a)(1) and (1)(a)(2) describe two distinct levels of force. This distinction is usually irrelevant because the offense is complete regardless of which subsection applies. The difference acquires meaning, however, in the context of VCC sentencing.
When simple battery is committed on a law enforcement officer, it becomes the separate offense of battery on a law enforcement officer, or BOLEO. The BOLEO statute converts the crime from a first-degree misdemeanor to a third-degree felony:
Whenever any person is charged with knowingly committing an assault or battery upon a law enforcement officer . . . the offense for which the person is charged shall be reclassified as follows: . . .
(b) in the case of battery, from a misdemeanor of the first degree to a felony of the third degree.
§ 784.07(2)(b) (emphasis added). The underlying conduct required for simple battery and BOLEO is identical. The only differences are the status of the victim and the penalty imposed.

2. The VCC and the Forcible Felony Statutes
The violent career criminal statute, section 775.084(1)(d), Florida Statutes (2000), is intended to deter recidivism by imposing longer sentences on repeat offenders. "[T]o be sentenced as a violent career criminal, a defendant must have been previously incarcerated in state or federal prison, must have been convicted three times as an adult of certain violent felonies (listed in the statute), and must have committed another such offense within the above time frame." Clines v. State, 912 So.2d 550, 553 (Fla.2005). The felonies that qualify for designation as a violent career criminal are:
a. Any forcible felony, as described in s. 776.08;

b. Aggravated stalking . . .
c. Aggravated child abuse . . .
d. Aggravated abuse of an elderly person . . .
e. Lewd, lascivious, or indecent conduct . . .
f. Escape . . .
g. A felony violation of chapter 790 involving the use or possession of a firearm.
§ 775.084(1)(d)(1) (emphasis added).
The statute does not specifically list BOLEO, or even battery, as a qualifying offense. Therefore, that crime qualifies only under the catchall provision in subsection (a), and only if it constitutes a "forcible felony, as described in" section 776.08, Florida Statutes (2000). That section defines "forcible felony" as
treason; murder; manslaughter; sexual battery; carjacking; home-invasion *215 robbery; robbery; burglary; arson; kidnapping; aggravated assault; aggravated battery; aggravated stalking; aircraft piracy; unlawful throwing, placing, or discharging of a destructive device or bomb; and any other felony which involves the use or threat of physical force or violence against any individual.

§ 776.08, Fla. Stat. (2000) (emphasis added). Again, although that section does list some types of battery (sexual battery and aggravated battery), it does not mention BOLEO. Therefore, for BOLEO to qualify as a forcible felony it must fall within the meaning of the catchall clause of the statute"any other felony which involves the use or threat of physical force or violence against any individual." Id.
As noted above, by definition BOLEO is a simple battery committed on a law enforcement officer. Under section 784.03, a battery is committed by (a) actually and intentionally touching or striking another person against the will of the other, which may, but need not, involve "the use or threat of physical force or violence;" or (b) intentionally causing bodily harm, which definitely would involve "the use or threat of physical force or violence." Therefore, BOLEO may or may not be a forcible felony, depending on the circumstances.

B. Our Decision in Perkins

In reversing the defendant's VCC designation, the district court considered that the State presented no evidence that Hearns's BOLEO conviction involved the use or threat of force. In Perkins, however, we clarified that the particular circumstances of the case do not matter. In that case, the defendant shot and killed a drug dealer who tried to rob him during a drug sale. The defendant claimed self-defense. The State argued that the defense was not available because at the time of the shooting the defendant was engaged in cocaine trafficking, which, the State argued, was a forcible felony under the final clause of section 776.08. We rejected that argument and articulated a "statutory elements" test for determining whether an offense is a forcible felony within the meaning of the final clause of section 776.08:
The statute does not say that a forcible felony is any felony that "may sometimes" involve violence, or even a felony that "frequently does" involve violence. Rather, the statute requires that the felony actually "involves the use or threat of physical force or violence against any individual." (emphasis added). § 776.08, Fla. Stat. (1987). Taken in its ordinary and plain meaning, the term "involve" means "to contain within itself, to make necessary as a condition or result." Oxford American Dictionary 349 (1980). Its general sense is "to include." Id.

Thus, in the strict and literal sense required by Florida law, this language can only mean that the statutory elements of the crime itself must include or encompass conduct of the type described. If such conduct is not a necessary element of the crime, then the crime is not a forcible felony within the meaning of the final clause of section 776.08.

Perkins, 576 So.2d at 1313 (emphasis added). Therefore, Perkins held that for an offense to be a forcible felony under section 776.08, the "use or threat of physical force or violence" must be a necessary element of the crime. If an offense may be committed without the use or threat of physical force or violence, then it is not a forcible felony.
In this case, the district court acknowledged Perkins, but then created conflict with that case by analyzing not the necessary elements of the crime of BOLEO, but *216 the State's proof. The court began its analysis by reviewing the elements of the BOLEO statute. It noted that BOLEO may be committed either by intentionally touching a law enforcement officer against his will, or by intentionally causing a law enforcement officer bodily harm. The court held that when BOLEO is committed by intentionally touching a law enforcement officer, it does not involve the use or threat of physical force or violence. Hearns, 912 So.2d at 378. Under Perkins, that is the end of the analysis. By determining that physical force or violence is not a necessary element of BOLEO, the district court determined that BOLEO is not a forcible felony under the VCC statute.
The district court went further, however. It developed its own hybrid test. The court suggested that if the State could prove that Respondent's BOLEO conviction was based on causing bodily harm, then the conviction could be used as a qualifying offense. Absent evidence of bodily harm, however, the district court held that it must give Respondent the benefit of the doubt and assume he had been convicted for the least violent of the BOLEO elements:
The State has not shown with any certainty (has not shown at all, in fact) whether the battery on a law enforcement officer was a mere unwanted touching, see section 784.03(1)(a), Florida Statutes (1985), or caused bodily harm, see section 784.03(1)(b). . . . Following Perkins, with no record evidence that Hearn's conduct against a law enforcement officer was a forcible felony, it cannot be used as a qualifying prior for purposes of VCC sentencing.
Hearns, 912 So.2d at 379.
To the extent the district court held that Perkins allows courts to look beyond the statutory elements of an offense and analyze the evidence in a particular case, the court's opinion conflicts with Perkins. We disapprove that part of the opinion. We reiterate that the only relevant consideration is the statutory elements of the offense. If "the use or threat of physical force or violence against any individual" is not a necessary element of the crime, "then the crime is not a forcible felony within the meaning of the final clause of section 776.08." Perkins, 576 So.2d at 1313.

C. Conflict with Other District Courts of Appeal
The second issue of conflict is whether BOLEO is a felony that involves the use or threat of physical force or violence against an individual. In Hearns, the district court held that BOLEO "is not invariably a qualified offense for VCC sentencing" because mere unwanted touching, which is one basis for a battery conviction, does not amount to the "use or threat of physical force or violence." 912 So.2d at 379; see also Hudson v. State, 800 So.2d 627, 628-29 (Fla. 3d DCA 2001) (holding that the crime of shooting into or throwing deadly missiles into a building, whether occupied or unoccupied (§ 790.19, Fla.Stat.(1997)), does not, by definition, involve physical force or violence against an individual and therefore cannot be a qualifying felony under the VCC statute). This holding conflicts with cases from the First, Second, and Fourth District Courts of Appeal, all of which have held that BOLEO does involve the use or threat of physical force or violence and therefore is a qualifying offense under a similar statute. On this point, we agree with the Third District.
At first blush, the district court's decision appears reconcilable with the other cases because they involve different statutes. Unlike Hearns, which involved section 776.08, the other districts have decided *217 this issue in the context of the prisoner releasee reoffender (PRR) statute, section 775.082, Florida Statutes (2000). The PRR statute, like the VCC statute, is intended to deter recidivism by imposing longer sentences on repeat offenders. The PRR statute applies to defendants who commit qualifying offenses within three years of being released from a state correctional facility. Like the VCC statute, it lists felonies that qualify for sentence enhancement:
"Prison releasee reoffender" means any defendant who commits, or attempts to commit:
a. Treason;
b. Murder;
c. Manslaughter;
d. Sexual Battery;
e. Carjacking;
f. Home-invasion robbery;
g. Robbery;
h. Arson
i. Kidnapping;
j. Aggravated assault with a deadly weapon;
k. Aggravated battery;

l. Aggravated stalking;
m. Aircraft piracy;
n. Unlawful throwing, placing, or discharging of a destructive device or bomb;

o. Any felony that involves the use or threat of physical force or violence against an individual . . . within 3 years of being released from a state correctional facility. . . .
§ 775.082(9)(a)(1), Fla. Stat. (2000).
As with the VCC statute, although the statute specifically names some types of batteries (sexual battery and aggravated battery), it does not mention BOLEO. Subsection (o), however, contains the same language as the final clause of section 776.08: "Any felony that involves the use or threat of physical force or violence against an individual." We have held that where the Legislature uses the exact same words or phrases in two different statutes, we may assume it intended the same meaning to apply. See Goldstein v. Acme Concrete Corp., 103 So.2d 202 (Fla.1958). Because the two statutes use identical language, whether BOLEO is a qualifying offense must be answered consistently under both the VCC statute and the PRR statute.
Several cases from the First, Second and Fourth Districts have held that BOLEO is a qualifying offense under subsection (o) of the PRR statute. None of them, however, analyzes the statute in any depth or compares it to the elements of a BOLEO offense. See, e.g., Spann v. State, 772 So.2d 38 (Fla. 4th DCA 2000) (holding that BOLEO is a qualifying offense for sentence enhancement under subsection (o) of the PRR statute without analyzing the statute); Brown v. State, 789 So.2d 366, 367 (Fla. 2d DCA 2001) (relying on Spann in holding that BOLEO is a qualifying offense under the PRR); State v. Crenshaw, 792 So.2d 582, 583 (Fla. 2d DCA 2001) (following Brown); Branch v. State, 790 So.2d 437 (Fla. 1st DCA 2000) ("[B]attery on a law enforcement officer [is] a qualifying offense that falls within the ambit of statutory subsection [775.082(9)](a)(1)(o), which includes `[a]ny felony that involves the use or threat of physical force or violence against an individual.'").
None of these cases explicitly analyzes the BOLEO or the battery statute to determine whether BOLEO is a felony that involves the use or threat of physical force or violence. They simply assume that BOLEO satisfies this description. One judge, however, did analyze the issue in some depth. In Jenkins v. State, 884 So.2d 1014 *218 (Fla. 1st DCA 2004), although the majority followed its decision in Branch, the dissent argued that BOLEO cannot be a qualifying offense under the PRR statute because it is not necessarily a forcible felony. Id. at 1017 (Ervin., J., concurring and dissenting). Judge Ervin analyzed our decision in Perkins, and although that case involved a different statute, he concluded that "[u]nder the Perkins reasoning, the identical language in the PRR Act means that the elements of a qualifying third-degree felony must encompass the use or threat of physical force or violence. Because unwanted touching under section 784.03(1)(a)(1) may not necessarily be a violent act, it cannot be a qualifying offense for PRR sentencing." Id. at 1018. We agree with Judge Ervin's assessment.

D. Resolving the Conflict: Applying Perkins to BOLEO
The Third District has held that BOLEO does not involve the use or threat of physical force or violence when it is committed by intentionally touching a law enforcement officer. The First, Second, and Fourth Districts have held that BOLEO involves the use or threat of physical force or violence, without exception. We apply the Perkins statutory elements test to resolve the conflict. That test is designed to determine whether an offense involves the use or threat of physical force or violence.
In applying the Perkins test, we analyze the elements of the battery statute from which BOLEO derives its conduct element. See § 784.07, Fla. Stat. (1985). Section 784.03 defines battery as (a) actually and intentionally touching or striking another person against the will of the other; or (b) intentionally causing bodily harm to an individual. Therefore, three separate acts may constitute BOLEO:
(1) actually and intentionally touching a law enforcement officer against his will;
(2) actually and intentionally striking a law enforcement officer against his will; or
(3) intentionally causing bodily harm to a law enforcement officer
Under Perkins, for BOLEO to constitute a forcible felony, all three alternatives must involve the use or threat of physical force or violence. If one of the elements does not, then BOLEO can be committed without the use or threat of physical force or violence, and BOLEO would fail the Perkins test.
Neither party in this case disputes that intentionally causing bodily harm involves the use or threat of physical force or violence. It is also difficult to argue that intentionally striking a law enforcement officer does not involve the requisite level of physical force or violence contemplated by the forcible felony statute. This leaves intentional touching as the conduct element most likely to fail the Perkins test. We must determine whether intentionally touching a law enforcement officer necessarily involves the use or threat of physical force or violence as described in the final clause of section 776.08. If it does not, then BOLEO cannot be a forcible felony.
The State asserts that any intentional touching of a law enforcement officer necessarily involves the use or threat of physical force, "even if only a de minimis amount of such force is used." (Pet. Br. at 12). The State argues that "the fact that only a very slight amount of physical force is used to accomplish a touching does not negate the fact that physical force is used." Id. Essentially, the State argues that any physical contact suffices to make BOLEO a forcible felony. The weight of authority contradicts the State's argument.
Existing case law makes it clear that any intentional touching, no matter how slight, is sufficient to constitute a simple *219 battery. See, e.g., D.C. v. State, 436 So.2d 203, 206 (Fla. 1st DCA 1983) ("[I]t is clear from Section 784.03 that any intentional touching of another person against such person's will is technically a criminal battery."); L.D. v. State, 355 So.2d 816, 817 (Fla. 3d DCA 1978) ("[I]t is clear that the force used in criminal battery need not be sufficient to injure."). Therefore, BOLEO, like battery itself, may be committed with only nominal contact.
As Respondent argues, if BOLEO were considered a forcible felony based on its intentional touching element, it could lead to potentially outrageous results. For example, tapping a law enforcement officer on the shoulder without consent would constitute a forcible felony. A child shooting a spitball at a school police officer would be guilty of a forcible felony. The possibilities are limited only by the imagination. But such minor infractions are incompatible with the level of force the forcible felony statute contemplates. The felonies enumerated in section 776.08 include murder, treason, carjacking, home-invasion robbery, arson, kidnapping, discharging of a destructive device or bomb, and aircraft piracy. § 776.08, Fla. Stat. (2006). Merely touching a law enforcement officer is not in the same league.
This reasoning is supported by the canon of statutory construction ejusdem generis, which states that when a general phrase follows a list of specifics, the general phrase will be interpreted to include only items of the same type as those listed. See Fayad v. Clarendon Nat'l Ins. Co., 899 So.2d 1082, 1088-89 (Fla.2005). Therefore, the general phrase "any other felony involving the use or threat of physical force or violence" should be interpreted to include only offenses which involve a level of physical force or violence comparable to that of the enumerated felonies. Id.
We also note that simple battery is a misdemeanor offense and can never be a forcible felony. BOLEO involves the exact same conduct as misdemeanor battery, the only difference being the victim's status. Yet if BOLEO were to count as a forcible felony, the ramifications would be significant. The maximum punishment a defendant can receive for committing misdemeanor battery against an ordinary citizen is one year in prison. § 775.082, Fla. Stat. (2005). If the same conduct committed against a law enforcement officer is considered a forcible felony, the offense could be used to enhance a defendant's sentence to life in prison. Such a disparity in sentencing, stemming from the exact same conduct, seems out of proportion.
We also note that the forcible felony statute specifically enumerates two types of battery: aggravated battery and sexual battery. See § 776.08, Fla. Stat. (2006). BOLEO is not among them. Under the canon of statutory construction expressio unius est exclusio alterius, the mention of one thing implies the exclusion of another. Young v. Progressive Southeastern Ins. Co., 753 So.2d 80 (Fla.2000). Had the Legislature intended to include all types of battery as forcible felonies, it would have listed simply "battery" rather than only the specific types enumerated. BOLEO's absence from the list of enumerated felonies lends further support to the conclusion that BOLEO is not a forcible felony.

III. CONCLUSION
Based on the reasoning above, we approve the district court's reversal of Respondent's life sentence because BOLEO is not a forcible felony under section 776.08 and should not have been counted as a qualifying offense for VCC sentence enhancement. We disapprove the district court's reasoning, however, to the extent it *220 conflicts with the statutory elements test in Perkins. Also, to the extent that the cases from the First, Second, and Fourth District Courts of Appeal hold that BOLEO is a felony that necessarily involves the "use or threat of physical force or violence," we disapprove those cases.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, and BELL, JJ., concur.
NOTES
[1] Although this case involves a motion for postconviction relief and not an appeal from a conviction and sentence, the State focuses on the issue of statutory interpretation and does not argue that the respondent has failed to meet the standards for postconviction relief. Therefore, we do not address this issue.
[2] This is the most recent version of the simple battery statute. Hearns was convicted under the 1985 version of the battery statute. Although the two versions do not materially differ, the numbering is slightly different. The 1985 version reads:

784.03 Battery. 
(1) A person commits battery if he:
(a) Actually and intentionally touches or strikes another person against the will of the other; or
(b) Intentionally causes bodily harm to an individual.
(2) Whoever commits battery shall be guilty of a misdemeanor of the first degree.
§ 784.03, Fla. Stat. (1985).