982 So.2d 87 (2008)
Carlos ACOSTA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-2596.
District Court of Appeal of Florida, Third District.
April 30, 2008.
Rehearing Denied June 5, 2008.
*88 Bennett H. Brummer, Public Defender, and Jessica Zagier, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Nicholas A. Merlin, Assistant Attorney General, for appellee.
Before GERSTEN, C.J., and LAGOA, J., and DAMOORGIAN, Associate Judge.
DAMOORGIAN, Associate Judge.
Carlos Acosta appeals his enhanced sentence as a Prison Releasee Re-offender (PRR) and a Violent Career Criminal (VCC) for battery of a law enforcement officer (BOLEO). We reverse because a BOLEO conviction cannot serve to enhance a sentence under the PRR or VCC statutes.
The VCC and PRR statutes call for an enhanced sentence when the felony committed is one of the enumerated felonies or if the felony falls within the forcible felony catchall. See Fla. Stat. §§ 775.082 and 775.084 (2002). BOLEO is not one of the enumerated felonies in either the VCC or PRR statutes. Id. In Perkins v. State, 576 So.2d 1310, 1313 (Fla.1991), the supreme court held that the statutory elements of the felony must involve "use or threat of physical force or violence against any individual" for it to fall within the forcible felony catchall. In State v. Hearns, 961 So.2d 211, 220 (Fla.2007), a case decided after Acosta's sentence was imposed, the supreme court found that BOLEO does not fall under the forcible felony catchall for either statute because its elements do not necessarily involve "use or threat of physical force or violence."[1] Consequently, a BOLEO conviction may not serve to enhance a sentence under the VCC or PRR statutes. Thus, the issue becomes whether Hearns should be applied retroactively.
In order to determine whether Hearns controls, we must first determine what the law was at the time Acosta was convicted. See State v. Barnum, 921 So.2d 513, 521 (Fla.2005) (in determining whether a judicial interpretation of a criminal statute applies retroactively, the proper question is not whether the law has changed, but rather what the state of the law was at the time of the defendant's conviction). If a decision of a court has changed the state of the law, then it can only be applied retroactively if it meets the three-prong Witt test. Witt v. State, 387 So.2d 922, 931 (Fla.1980) (decision that changes the law will only be considered if it (1) emanates from the Florida or U.S. supreme courts; (2) the decision must be constitutional in nature; and (3) it must constitute a development of fundamental significance).
*89 However, the supreme court in Hearns did not change the law; instead, the court held that the trial court's finding that BOLEO could fall within the forcible felony catchall "conflict[ed] with [its] decision in Perkins." 961 So.2d at 212. The district courts' decisions were in conflict with Perkins because they applied a factual analysis in order to determine whether the offense charged involved the "use or threat of physical force or violence against any individual" as opposed to looking only at the elements of the offense. Thus, the Hearns court did not change the law. Since Perkins was decided in 1991, under the law at the time of Acosta's conviction, BOLEO did not fall within the forcible felony catchall. Consequently, the three-prong Witt test is not applicable.
Therefore, the trial court imposed an illegal sentence because, at the time of Acosta's conviction, a conviction for BOLEO could not result in an enhanced sentence under the VCC or PRR statutes.
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] In Johnson v. State, 858 So.2d 1071, 1072 (Fla. 3d DCA 2003) (on rehearing), this Court found that spitting on a law enforcement officer does not amount to "the use or threat of use of physical force or violence".