983 So.2d 746 (2008)
Jermaine THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-3143.
District Court of Appeal of Florida, Fourth District.
June 11, 2008.
Carey Haughwout, Public Defender, and Tom Wm. Odom, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.

ON REMAND FROM THE SUPREME COURT OF FLORIDA
PER CURIAM.
Jermaine Thomas was tried by jury, convicted of robbery by sudden snatching and fleeing and eluding, and sentenced for both crimes as both a habitual felony offender (HFO) and a prison releasee reoffender (PRR). Thomas appealed, challenging his conviction for robbery by sudden snatching and the sentences imposed for both offenses. In our prior opinion, we affirmed in all respects, save the PRR sentence imposed for the fleeing and eluding conviction. See Thomas v. State, 933 So.2d 45 (Fla. 4th DCA 2006), quashed, 969 So.2d 353 (Fla.2007).
A prison releasee reoffender sentence is appropriate only if the crime for which the defendant is being sentenced is one of the *747 enumerated felonies or "[a]ny felony that involves the use or threat of physical force or violence against an individual." § 775.082(9)(a)1., Fla. Stat. (2002). We reversed the PRR sentence for the fleeing and eluding conviction as the offense was neither an enumerated felony nor one that "involves the use or threat of physical force or violence against an individual." We affirmed the PRR sentence imposed for the robbery by sudden snatching, focusing on the evidence in Thomas's case, rather than the statutory elements of the offense.
Following our initial decision in this case, our supreme court decided State v. Hearns, 961 So.2d 211 (Fla.2007). Hearns involved the imposition of a violent career criminal sentence (VCC). Under the relevant statutes, a VCC sentence is possible provided a defendant is thrice convicted of certain enumerated felonies or "`[a]ny forcible felony, as described in s. 776.08.'" Id. at 214 (quoting section 775.084(1)(d)1., Fla. Stat.). Section 776.08 defines "forcible felony" to include certain enumerated offenses and "any other felony which involves the use or threat of physical force or violence against any individual." The supreme court held that in determining whether Hearns' conviction for battery on a law enforcement officer was "any other felony which involves the use or threat of physical force or violence against any individual," "courts must consider only the statutory elements of the offense, regardless of the particular circumstances involved." 961 So.2d at 212.
Thomas sought review of our earlier decision and, given the subsequent decision in Hearns, the supreme court quashed our prior opinion and remanded the case for reconsideration. Our decision to affirm Thomas's conviction and his HFO sentences remains unaffected by Hearns and thus, without further comment, we again affirm as to these issues. Thomas's PRR sentences, though, must be reversed. Neither crime is an enumerated felony nor is the "use or threat of physical force or violence against an individual" an element of either crime. See §§ 316.1935(2), 812.131(1), Fla. Stat.; see also Yates v. State, 978 So.2d 281, 282 (Fla. 4th DCA 2008) (recognizing Hearns requires court to look to statutory elements of crime in determining whether PRR sentence may be imposed and holding robbery by sudden snatching will not support PRR sentence). In supplemental briefing on remand, the State has correctly conceded error on this issue.
Reversed and Remanded.
STEVENSON, MAY and DAMOORGIAN, JJ., concur.
DAMOORGIAN, J., was not on the original panel, but has reviewed the record on appeal.