PER CURIAM.
 

 Tavaris Donaldson appeals the trial court’s decision to sentence him under section 775.082(9)(a), Florida Statutes, known as the Prisoner Releasee Reoffender (PRR) Act. The trial court determined Donaldson’s underlying conviction for retaliating against a witness was a “felony that involves the use or threat of physical force or violence against an individual,” which qualified him for sentencing as a PRR. § 775.082(9)(a)1. o, Fla. Stat. (2005). We reverse.
 

 In
 
 State v. Hearns,
 
 961 So.2d 211, 216-19 (Fla.2007), the Florida Supreme Court provided instruction regarding the application of section 775.082(9)(a)l. o. The Court explained that, because the legislature used identical language in section 775.082(9)(a)l. o, of the PRR statute and the forcible felony statute, the same test applies to either section.
 
 See
 
 § 776.08, Fla. Stat.;
 
 Hearns,
 
 961 So.2d at 217-18;
 
 see also Jenkins v. State,
 
 884 So.2d 1014, 1017 (Fla. 1st DCA 2004) (Ervin., J., concurring and dissenting).
 

 The test for determining when a crime qualifies as a forcible felony is found in
 
 Perkins v. State,
 
 576 So.2d 1310 (Fla.1991).
 
 See Hearns,
 
 961 So.2d at 215. In
 
 Perkins,
 
 the Court held the forcible felony statute applied only to those felonies where the actual elements of the crime necessarily require the use or threat of physical force or violence against an individual. 576 So.2d at 1313.
 

 Because the
 
 Perkins
 
 test for forcible felonies also applies to section 775.082(9)(a)1.
 
 o,
 
 the question is whether the use or threat of physical force or violence is a necessary element of retaliating against a witness. When making this determination, “courts must consider only the statutory elements of the offense, regardless of the particular circumstances involved.”
 
 Walker v. State,
 
 965 So.2d 1281, 1283 (Fla. 2d DCA 2007) (quoting
 
 Hearns).
 

 A person is guilty of retaliating against a witness where he or she “knowingly engages in any conduct that causes bodily injury to another person
 
 or
 
 damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person.” § 914.23 Fla. Stat. (2005) (emphasis added).
 

 
 *414
 
 Damaging the tangible personal property of a witness in retaliation would not necessarily require the use or threat of physical force or violence against an individual as required by section 775.082(9)(a)1. o, Florida Statutes.
 
 Accord Paul v. State,
 
 958 So.2d 1135, 1137 (Fla. 4th DCA 2007) (holding shooting into a dwelling does not qualify for sentencing under the PRR statute because use or threat of physical force against an individual was not a necessary element);
 
 Tumblin v. State,
 
 965 So.2d 354, 356 (Fla. 4th DCA 2007) (holding the defendant could not be sentenced under the PRR statute for burglary with an assault or battery, because the offense could have been committed by an unlawful touching during the burglary and did not necessarily include the threat or use of physical force or violence);
 
 Walker,
 
 965 So.2d at 1282-84 (holding defendant improperly sentenced under PRR statute for battery on a law enforcement officer and battery on firefighter, but was correctly sentenced according to PRR statute for resisting arrest with violence because that crime required use or threat of physical force or violence).
 

 Because the elements of section 914.23, Florida Statutes, do not necessarily require the use or threat of physical force or violence against an individual, the retaliating against a witness conviction does not fall within section 775.082(9)(a)1.
 
 o,
 
 Florida Statutes. Consequently, the trial court erred by sentencing Appellant under the PRR statute.
 

 The trial court’s order is REVERSED and the case REMANDED for proceedings consistent with this opinion.
 

 HAWKES, C.J., VAN NORTWICK and PADOVANO, JJ., concur.