PER CURIAM.
 

 The defendant appeals his sentence as a violent career criminal to forty years in prison with a thirty-year mandatory minimum. We reverse and remand for resen-tencing because the defendant did not qualify as a violent career criminal.
 

 For a defendant to qualify as a violent career criminal, a court must find, among other things, that the primary felony offense for which the defendant is to be sentenced was committed “[wjithin 5 years after the conviction of the last prior
 
 enumerated felony,
 
 or within 5 years after the defendant’s release from a prison sentence ... that is imposed as a result of a prior conviction for an
 
 enumerated felony,
 
 whichever is later.” § 775.084(l)(d)3.b., Fla. Stat. (2008) (emphasis added). An “enumerated felony” is any one of those crimes identified in section 775.084(l)(d)l., including “[a]ny forcible felony, as described in s. 776.08.” § 775.084(l)(d)l.a., Fla. Stat. (2008). Section 776.08 defines a “forcible felony” as, among other things, “home-invasion robbery; robbery; ... and any other felony which involves the use or threat of physical force or violence against any individual.” § 776.08, Fla. Stat. (2008).
 

 Here, the circuit court found the “enumerated felony” referenced in section 775.084(l)(d)3.b. to be the defendant’s pri- or conviction for “robbery by sudden snatching.” However, “robbery by sudden snatching” does not qualify as an “enumerated felony” under section 775.084(l)(d)3.b. for four reasons. First,
 
 *991
 
 “robbery by sudden snatching” is not any of those crimes identified in section 775.084(l)(d)l.b.-g. Second, robbery by sudden snatching is not expressly identified as a “forcible felony” under section 776.08. Third, “robbery by sudden snatching” cannot be considered as an implied “forcible felony” under section 776.08 because, if the legislature intended to include all forms of robbery under that statute, then it would have been unnecessary for the legislature to have particularly listed “home-invasion robbery” and “robbery” under section 776.08.
 
 Cf. Gorham v. State,
 
 988 So.2d 152, 154 (Fla. 4th DCA 2008) (“If the legislature intended to include all burglaries for PRR sentencing, then it would have been unnecessary to state any particular form of burglary.”). Fourth, we previously have found that “robbery by sudden snatching” does not qualify as a “felony which involves the use or threat of physical force or violence against any individual” under section 776.08.
 
 Thomas v. State,
 
 983 So.2d 746, 747 (Fla. 4th DCA 2008) (citing
 
 State v. Hearns,
 
 961 So.2d 211, 212 (Fla.2007)).
 

 During the sentencing hearing, the circuit court stated that, if the defendant did not qualify as a violent career criminal, then it would have sentenced the defendant as a habitual felony offender to thirty years in prison with a fifteen-year mandatory minimum. While we appreciate the court’s expression of a “backup” sentence, the defendant is entitled to a new sentencing hearing.
 
 See State v. Scott,
 
 439 So.2d 219, 220 (Fla.1983) (“[0]nce the court has determined that the sentence was indeed illegal and the prisoner is entitled to a modification of the original sentence or the imposition of a new sentence, the full panoply of due process considerations attach.”). For the resentencing, the court “may restructure the sentences so as to achieve (but not exceed) the original sentencing intent.”
 
 Suarez v. State,
 
 974 So.2d 451, 451 (Fla. 3d DCA 2008). To the extent the defendant has appealed his sentence on grounds other than that which this opinion addresses, we find those other grounds to be without merit, without further comment.
 

 Reversed and remanded for resentenc-ing.
 

 POLEN, HAZOURI and GERBER, JJ., concur.