EMAS, J.
 

 Anthony Santiago appeals the trial court’s denial of his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). For the reasons which follow, we vacate the sentence and remand for a new sentencing hearing.
 

 Santiago was charged with, and convicted of, burglary of a conveyance with an assault or battery, in violation of section 810.02(2)(a), Florida Statutes (1999). The State followed the procedure required to have Santiago declared a prison releasee
 
 *1028
 
 reoffender, pursuant to section 775.082, Florida Statutes (2009). Following a sentencing hearing, the trial court found that Santiago qualified as a prison releasee reoffender and sentenced him to life in prison. After his conviction and sentence was affirmed on appeal, Santiago filed a motion to correct illegal sentence, contending that the crime of burglary of a conveyance with an assault or battery is not a qualifying offense for purposes of the prison releasee reoffender statute. We agree.
 

 The prison releasee reoffender (“PRR”) statute establishes enhanced and mandatory sentences under certain defined circumstances and for certain enumerated felonies. Section 775.082(9)(a), Florida Statutes defines “prison releasee reoffen-der”:
 

 1.“Prison releasee reoffender” means any defendant who commits, or attempts to commit:
 

 a. Treason;
 

 b. Murder;
 

 c. Manslaughter;
 

 d. Sexual battery;
 

 e. Carjacking;
 

 f. Home-invasion robbery;
 

 g. Robbery;
 

 h. Arson;
 

 i. Kidnapping;
 

 j. Aggravated assault with a deadly weapon;
 

 k. Aggravated battery;
 

 l. Aggravated stalking;
 

 m. Aircraft piracy;
 

 n. Unlawful throwing, placing, or discharging of a destructive device or bomb;
 

 o.
 
 Any felony that involves the use or threat of physical force or violence against an individual;
 

 p. Armed burglary;
 

 q. Burglary of a dwelling or burglary of an occupied structure; or
 

 r. Any felony violation of s. 790.07, s. 800.04, s. 827.03, s. 827. 071, or s. 847.0135(5);
 

 within 3 years after being released from a state correctional facility operated by the Department of Corrections or a private vendor or within 3 years after being released from a correctional institution of another state, the District of Columbia, the United States, any possession or territory of the United States, or any foreign jurisdiction, following incarceration for an offense for which the sentence is punishable by more than 1 year in this state.
 

 (Emphasis supplied).
 

 The State acknowledges that the crime of burglary of a conveyance with an assault or battery is not a specifically enumerated offense under section 775.082(9)(a). However, the State contends that it is a qualifying offense under the so-called “catchall” provision, section 775.082(9)(a)l.o (“Any felony that involves the use or threat of physical force or violence against an individual”). The State argues that, because the crime at issue requires the State to prove that the defendant committed either a battery or an assault in the course of the burglary, such an offense necessarily involves the “use or threat of physical force or violence.”
 

 The Florida Supreme Court has held that, in determining whether an offense qualifies under PRR as one involving the use or threat of physical force or violence, we are to look to the essential elements of the offense charged, rather than the proof presented at trial.
 
 Perkins v. State,
 
 576 So.2d 1310 (Fla.1991).
 

 In
 
 Perkins,
 
 the defendant was charged with attempted cocaine trafficking and first-degree murder. His defense was
 
 *1029
 
 self-defense, and the State contended that self-defense was not available to Perkins because he was committing a “forcible felony” at the time of his actions in purported self-defense.
 
 [1]
 
 Section 776.08, Florida Statutes (1995) defines “forcible felony” by listing a number of offenses (e.g., murder, manslaughter, sexual battery, kidnapping, robbery, etc.) and providing a catchall: “any other felony which involves the use or threat of physical force or violence against any individual.”
 
 [2]
 
 Because drug trafficking is not included in the list of enumerated forcible felonies, the question presented was whether drug trafficking constituted a forcible felony, as one “which involves the use or threat of physical force or violence against any individual.”
 
 Perkins,
 
 576 So.2d at 1313. The trial court had determined that drug trafficking did meet the definition, because of the propensity for violence inherent in narcotics trafficking. The Florida Supreme Court disagreed with this analysis:
 

 The statute does not say that a forcible felony is any felony that “may sometimes involve violence, or even a felony that “frequently does” involve violence. Rather, the statute requires that the felony actually
 
 “involves
 
 the use or threat of physical force or violence against any individual” (emphasis added). Taken in its ordinary and plain meaning, the term “involve” means “to contain within itself, to make necessary as a condition or result.” Its general sense is “to include.”
 

 Thus, in the strict and literal sense required by Florida law, this language can only mean that the statutory elements of the crime itself must include or encompass conduct of the type described. If such conduct is not a necessary element of the crime, then the crime is not a forcible felony within the meaning of the final clause of section 776.08.
 

 Id.
 
 (citations omitted).
 

 Based upon this analysis,
 
 Perkins
 
 held that trafficking in cocaine is not a forcible felony.
 
 Id.
 

 In
 
 State v. Hearns,
 
 961 So.2d 211 (Fla. 2007), the Florida Supreme Court reaffirmed its holding in
 
 Perkins,
 
 and extended the analysis to a similar catchall provision of the Violent Career Criminal (“VCC”) statute.
 
 [3]
 
 In
 
 Hearns,
 
 the defendant was convicted of unlawful possession of a firearm by a convicted felon. The State sought an enhanced sentence under the VCC statute based upon defendant’s prior conviction for battery on a law enforcement officer. The VCC statute, like the forcible felony statute and the PRR statute, contains a list of enumerated offenses. Additionally, the VCC statute provides that “any forcible felony, as described in s. 776.08” is a qualifying offense under the statute. Thus the question facing the Court was whether battery on a law enforcement officer is a forcible felony; that is whether battery on a law enforcement officer is a felony that involves the use or threat of force or physical violence against any individual.
 

 The Florida Supreme Court answered the question in the negative, holding that, “in determining whether a crime constitutes a forcible felony, courts must consider only the statutory elements of the offense, regardless of the particular circumstances involved.”
 
 Id.
 
 at 212. In do
 
 *1030
 
 ing so, the Court addressed the analysis of the district court:
 

 The [district] court began its analysis by reviewing the elements of the BOLEO [Battery On Law Enforcement Officer] statute. It noted that BOLEO may be committed either by intentionally touching a law enforcement officer against his will, or by intentionally causing a law enforcement officer bodily harm. The court held that when BOLEO is committed by intentionally touching a law enforcement officer, it does not involve the use or threat of physical force or violence. Under
 
 Perkins,
 
 that is the end of the analysis. By determining that physical force or violence is not a
 
 necessary
 
 element of BOLEO, the district court determined that BOLEO is not a forcible felony under the VCC statute.
 

 Id.
 
 at 216.
 

 The Florida Supreme Court approved this analysis, but held that the district court erred in going further and determining that, if the State could establish that the defendant’s BOLEO conviction was based upon proof that he caused bodily harm, the conviction could be used as a qualifying forcible felony under the VCC statute. The Florida Supreme Court rejected this fact-based analysis; instead, the determination must be made by application of a “statutory elements test”, which is limited to reviewing only the statutory elements of the offense, and assessing whether the elements
 
 necessarily
 
 require proof of the use or threat of physical force or violence. We may not look to the proof at trial, or consider the factual circumstances of the individual case. The Florida Supreme Court then reviewed the relevant statutory elements of BOLEO, which may be proven in one of three ways:
 

 1)actually and intentionally touching a law enforcement officer against his will; or
 

 2) actually and intentionally striking a law enforcement officer against his will; or
 

 3) intentionally causing bodily harm to a law enforcement officer.
 

 The Florida Supreme Court determined that a mere touching of a law enforcement officer does not involve the use or threat of physical force or violence, and concluded that, because BOLEO may be established in this way, the offense of BOLEO does not necessarily involve the use or threat of physical force or violence, and is therefore not a forcible felony.
 
 See also, Acosta v. State,
 
 982 So.2d 87 (Fla. 3d DCA 2008).
 

 Applying the statutory elements test of
 
 Perkins
 
 and
 
 Hearns
 
 to the offense in this case leads to the same conclusion. Because the statutory elements of burglary with an assault or battery require the State to prove
 
 either
 
 an assault
 
 or
 
 a battery and (as discussed above) because one of the alternative elements of a battery is an intentional touching, the instant offense does not
 
 necessarily
 
 require proof of the use or threat of physical force or violence. The standard jury instruction for burglary of a conveyance with an assault or battery provides in pertinent part:
 

 To prove the crime of Burglary, the State must prove the following elements beyond a reasonable doubt:
 

 1. Defendant entered a conveyance owned by or in the possession of (person alleged).
 

 2. At the time of entering the conveyance, defendant had the intent to commit an offense in that conveyance.
 

 With an assault.
 

 If you find defendant guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether, in the course of committing the burglary, defendant assaulted any person. An assault is an intentional and
 
 *1031
 
 unlawful threat, either by word or act, to do violence to another, at a time when the defendant appeared to have the ability to carry out the threat and his act created a well-founded fear in the other person that the violence was about to take place.
 

 With a battery.
 

 If you find defendant guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether, in the course of committing the. burglary, defendant battered any person.
 
 A battery is an actual and intentional touching or striking of another person against that person’s will or the intentional causing of bodily harm to another person.
 

 Fla. Std. J. Inst. (Crim.) 13.1. (Emphasis supplied).
 

 Because Santiago was charged with and convicted of burglary of a conveyance with an assault
 
 or
 
 battery, the statutory elements of the crime did not
 
 necessarily
 
 require proof of the use or threat of use of physical force or violence. In other words, because this statutory offense can be established by proof of a mere touching,
 
 [4]
 
 the offense cannot qualify as a predicate offense under the catchall provision of section 775.082(9)(a)l.o, Florida Statutes (2009).
 

 Hearns
 
 has been applied by the Fourth District in
 
 Gorham v. State,
 
 988 So.2d 152 (Fla. 4th DCA 2008), and
 
 Tumblin v. State,
 
 965 So.2d 354 (Fla. 4th DCA 2007) to reverse PRR sentences imposed upon a conviction for burglary of a conveyance with an assault or battery. We agree with the reasoning in those cases.
 

 The State urges us to follow the Fifth District’s decision in
 
 Shaw v. State,
 
 26 So.3d 51 (Fla. 5th DCA 2009). That case, however, is distinguishable. In
 
 Shaw,
 
 the defendant was convicted of burglary of a conveyance with an assault.
 
 [5]
 
 Thus, Shaw’s offense did not include, as a statutory element, a mere touching. Rather, the statutory elements required the State to prove an assault, which necessarily requires proof of
 
 “an intentional and unlawful threat, either by word or act, to do violence to another
 
 .... ” Fla. Std. J. Inst. (Crim.) 13.1. (Emphasis added).
 

 In the instant case, by contrast, the offense as charged (burglary with an assault or battery) includes the element of a battery which can be proven by a mere touching.
 
 [6]
 

 
 *1032
 
 We vacate the sentence imposed and remand this cause to the trial court for a new sentencing consistent with this opinion. The defendant shall be present at the new sentencing.
 

 [1]
 

 .Under section 776.041(1), Florida Statutes (1987), the defense of self-defense is not available to a person who is “attempting to commit, committing or escaping after the commission of a forcible felony....”
 

 [2]
 

 . This is the exact same language found in section 775.082(9)(a)l.o of the PRR statute.
 

 [3]
 

 . § 775.084, Fla. Stat. (2000).
 

 [4]
 

 .
 
 See also Johnson v. State,
 
 858 So.2d 1071 (Fla. 3d DCA 2003) (holding mere spitting on police officer can constitute battery on a law enforcement officer but is not an offense that involves the use or threat of physical force or violence and is thus not a forcible felony under the VCC statute).
 

 [5]
 

 . It is unclear from the opinion whether Shaw was formally charged with burglary with an assault or was charged with burglary with an assault or battery (but found guilty only of burglary with an assault). Neither
 
 Perkins
 
 nor
 
 Hearns
 
 addressed whether a charging document, specifically tailored to allege that the defendant committed a burglary with an assault (and omitting the alternative offense of battery) would satisfy the statutory elements test and meet the definition of a forcible felony. We leave this question for another day.
 

 [6]
 

 .The irony of this analysis is not lost upon us. It may well be that a charge of burglary with an assault (which requires proof of unlawful threat to do violence to another) can qualify under the PRR statute, while a charge of burglary with an assault or battery cannot qualify under the PRR statute.
 
 See Shaw,
 
 26 So.3d at 53;
 
 State v.
 
 Hackley,-So.3d-, 2010 WL 4273625 (Fla. 1st DCA 2010). However, given the clear dictate of
 
 Perkins
 
 and
 
 Hearns,
 
 if such an anomaly exists, the remedy lies with the Legislature, not this Court.