Conner, J.
For a second time, this case is before us on a claim that the sentence imposed is illegal. We reverse a second time because we agree with the appellant, Kern R. Davis, that the trial court, on remand, did not resentence him with the full panoply of due process.

Factual Background and Trial Court Proceedings

In 1994, Davis was convicted after trial of robbery with a deadly weapon and armed carjacking. At the initial sentencing, he was sentenced as a habitual violent felony offender to life in prison with a minimum mandatory of fifteen years on each count. In 2013, Davis filed a motion to correct illegal sentences, contending his prior robbery conviction in Dade County, which was the sole qualifying offense for his habitual violent felony offender status, was reversed on appeal. The trial court denied the motion. We reversed the trial, court, and remanded the case for resen-tencing with the following direction: “Although [Davisj does not qualify as an [habitual violent felony offender], he may qualify as a habitual felony offender and those sanctions may be sought on remand.” Davis v. State,. 164 So.3d 96 (Fla. 4th DCA 2016).
On remand, the State filed its notice of intent to seek an enhanced penalty for Davis as a habitual felony offender. Davis filed a sentencing memorandum, listing as mitigating factors his strong' family support, the fact that his previous robbery conviction in Dade County was vacated based on false testimony, the classes that he has taken while incarcerated, the fact that he was physically and sexually abused by family members, his advanced age with a decreased chance of recidivism, and evidence of rehabilitation through programs while incarcerated,
A resentencing hearing was held by a successor judge-because the judge who-tried the case and imposed the sentence twenty-two years earlier was no longer on the bench. At the beginning of the hearing, the trial court stated that it read everything that was submitted to it, including Davis’s sentencing memorandum and the attached letters from family and friends and certificates of completion from the programs Davis had completed while incarcerated. The trial court also reviewed a reconstructed scoresheet the parties agreed was accurate. Eventually, the parties stipulated that Davis qualified for sentencing as a habitual felony offender. The trial court permitted both parties to present whatever evidence and arguments either desired. However, as discussed more fully below, the statements of the trial court in pronouncing sentence indicated it was not inclined to i “revisit” the sentence imposed by the judge who tried the case or consider the new evidence regarding Davis’s behavior while in prison. The trial court determined Davis to be a habitual felony.offender and sentenced him again to *139 life in prison with the' mandatory minimums. Davis gave notice of appeal. ■

Appellate Analysis

Because Davis claims a denial of due process, the standard of review for a constitutional claim is de novo. See A.B. v. Fla. Dep’t of Children & Family Servs., 901 So.2d 324, 326 (Fla. 3d DCA 2005) (citing G.C. v. Dep’t of Children & Families, 791 So.2d 17, 19 (Fla. 5th DCA 2001)) (“The standard of review for the mother’s constitutional claim is de novo as this issue involves a question of law.”).
Both parties agree that when a sentence has been reversed as illegal and the case is remanded for resentencing, a defendant is entitled to the full panoply of due process considerations on resentenc-ing. State v. Fleming, 61 So.3d 399, 406 (Fla. 2011) (quoting State v. Scott, 439 So.2d 219, 220 (Fla. 1983)). What the parties disagree about is whether Davis received the full panoply of due process considerations when resentenced upon remand. Davis contends the trial court interpreted bur remand instructions to simply direct the trial court to determine whether Davis was eligible for sentencing as a habitual offender, in which case, the previously imposed sentence would stand. The State contends the trial court fully understood it was 'to conduct a de novo sentencing, and did so, but exercised its discretion to impose the same sentence imposed by the judge who tried the case. The State further argues that on resen-tencing after an erroneous habitualization, the trial court may impose a sentence to achieve the original sentencing intent, but not exceed it, citing to Dixon v. State, 41 So.3d 990, 991 (Fla. 4th DCA 2010), and Suarez v. State, 974 So.2d 451, 453 (Fla. 3d DCA 2008).
In Galindez v. State, 955 So.2d 517 (Fla. 2007), in a specially concurring opinion, Justice Cantero explained the principles of a de novo resentencing:
We have consistently held that resen-tencing proceedings must be a> “clean slate,” Preston v. State, 607 So.2d 404, 408 (Fla. 1992), meaning that the defendant’s vacated sentence becomes a “nullity” and his “resentencing should proceed de novo on all issues bearing on the proper sentence,” Morton [v. State], 789 So.2d [324, 334 (Fla. 2001)] (quoting Teffeteller [v. State], 495 So.2d [744, 745 (Fla. 1986) ]). This means that the trial court must extend to the defendant the “full panoply” of existing procedural protections, State v. Scott, 439 So.2d 219, 220 (Fla.1983), including any new constitutional protections that have been recognized since the defendant’s original sentencing. In fact, because resentenc-ing-is de novo, the State was required to produce evidence on -sentencing issues even if the- State established the fact at the original sentencing. This was required whether or not the defendant disputed the issues in the prior sentencing proceeding. In addition to the, parties’ rights to present additional evidence and the State’s burden to produce evidence, we also have held that the trial court is not limited to its findings from the prior proceeding, but may make new findings and may .eyen increase the sentence..
Id. at 525-26 (Cantero, J,, specially concurring) (emphasis in original).
From our review of .the record, we -are satisfied that the trial éourt, upon resen-tencing, afforded Davis due process by reviewing in advance all materials submitted by the defense for the .resentencing hearing and allowing him to' present any evidence and arguments he wanted. We note that Davis makes no issue on appeal regarding whether the successor judge was sufficiently familiar with the facts of *140 the case, the trial, or the prior sentencing proceeding.
However, the statements by the successor judge during the hearing lead us to conclude that the trial court did not proceed on a “clean slate” on resentencing and intentionally decided it was not going to evaluate the same evidence submitted at trial and the initial sentencing hearing, together with the new evidence, which included information about Davis’s performance in prison. The trial court acknowledged it was “permitted,” by our remand instructions, to go through an evaluation process and change the length of the initial sentence, but announced “I am not going to revisit that,” referring to the prior sentence, and “I am not prepared to do that,” referring to consideration of Davis’s performance while in prison. Thus, although the trial court afforded substantial due process to Davis on resentencing, it failed to afford the full panoply of due process, to which he was entitled.
We are mindful of our decision in Peters v. State, 128 So.3d 882 (Fla. 4th DCA 2013), where the defendant claimed that on resentencing, a successor judge merely “rubber stamped” the sentence imposed by the initial sentencing judge many years before. Id. at 841. We affirmed the trial court in that case, but we said:
In other words, “[w]hat is essential is for the successor judge to be sufficiently familiar with the case so that the imposition of a sentence is Ms or her act of independent judgment, not mere reliance on the decision of the original judge.”
Id. at 840 (alteration in original and emphasis added) (quoting Ross v. State, 958 So.2d 442, 443 (Fla. 4th DCA 2007)). We also noted in Peters that at resentencing, the successor judge emphasized that “his sentence was constructed ‘regardless of what [the prior judge] would have done.’ ” Id. at 841. Unfortunately, on the record in this case, we cannot conclude the successor judge engaged in the same type of independent assessment.
We reverse and remand, directing the trial court to vacate the sentence imposed, and conduct a new sentencing proceeding with the full panoply of due process. Because the trial judge who imposed the last sentence has retired from the bench, there is no issue regarding whether a successor judge should conduct the proceedings.

Reversed and remanded.

Ciklin, J., concurs specially with opinion.
Gross, J., dissents with opinion.