863 So.2d 1256 (2004)
Joshalynne D. HIGHBERGER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-3765.
District Court of Appeal of Florida, Fifth District.
January 2, 2004.
James B. Gibson, Public Defender, and Meghan Ann Collins, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
In this Anders[1] appeal, the State was ordered to file an answer brief, addressing the conflict between the written and oral sentence regarding count three of the information. The State concedes that the trial court orally imposed a fifteen-year sentence for count three, and stated "[t]here is no minimum mandatory;" however, *1257 the written sentence imposes a ten-year minimum mandatory term. Highberger preserved the error by filing a timely motion pursuant to Florida Rule Criminal Procedure 3.800(b)(2), but the trial court failed to rule on the motion within the required time. As a result, the motion was deemed denied. Kimbrough v. State, 766 So.2d 1255 (Fla. 5th DCA 2000).
Although the State argues that it is unclear if the trial court intended to impose a minimum mandatory term for count three, we conclude that the trial court's oral pronouncement that "there is no minimum mandatory" as to count three is clear and unambiguous. Accordingly, we reverse the sentence imposed for count three and remand this matter to the trial court with instructions that the written sentence be modified to conform with the oral pronouncement. We affirm the convictions and sentences regarding counts one, two, four and five. Highberger does not need to be present at resentencing.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
PLEUS and PALMER, JJ., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).