LAWSON, J.
Steve Solomon Johnson appeals from his judgments and sentences imposed pursuant to voluntary pleas that he entered in *1233 nine separate cases. We affirm the convictions without comment, but reverse the sentences in two cases for correction of an error in the sentencing documents.
On July 28, 2006, Appellant entered a plea to nine circuit court cases in exchange for a seven-year composite term of incarceration. In seven of the cases Appellant was charged with one third-degree felony per case. In the other two cases (2005-37169 and 2005-37639), Appellant was charged with one second-degree felony per case. It is clear from the plea transcript that the trial court’s intent during the plea hearing was to impose a composite seven-year prison term by sentencing Appellant to concurrent five-year sentences on each of the third-degree felony cases, followed by concurrent two-year terms of incarceration on the two second-degree felony cases — with the sentences on the latter two cases running consecutive to the five-year sentences imposed in the first seven cases. This was also the court’s oral pronouncement. However, upon entering the written sentences in each case, the trial court failed to indicate that the sentences in the two second-degree felony cases were to be run concurrently with one another. Instead, the written sentences in these latter two cases only indicate that the sentences were to be “run consecutive [to] any active sentence being served.”
The problem with this written designation is that instead of effectively imposing a composite seven-year term, the trial court’s written sentences in case numbers 2005-37169 and 2005-37639 create a composite nine-year term because of the failure to note that the sentences were to be served consecutive to the five-year sentences but concurrently with one another. Appellant preserved the issue for appellate review by timely filing a rule 3.800(b)(2) motion to correct sentencing error. However, the trial court failed to enter an order addressing Appellant’s motion within the required time and, therefore, the motion was deemed denied.
Accordingly, we reverse and remand Appellant’s sentences in case numbers 2005-37169 and 2005-37639, with directions that the written sentences be conformed to the court’s oral pronouncement. In all other respects, Johnson’s convictions and sentences are affirmed. It is not necessary for Appellant to be present when the sentences are corrected. See, e.g., Highberger v. State, 863 So.2d 1256, 1257 (Fla. 5th DCA 2004).
AFFIRMED in part; REVERSED in part.
GRIFFIN and MONACO, JJ., concur.