987 So.2d 1261 (2008)
Torr R. NELSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-1204.
District Court of Appeal of Florida, Fifth District.
August 15, 2008.
Torr R. Nelson, Lake Butler, Pro Se.
Bill McCollum, Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Torr Nelson appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Nelson was convicted of one count of robbery and two counts of battery on a person sixty-five years old or older. He was sentenced on all three counts as a prisoner releasee reoffender (PRR). In his motion for postconviction relief, Nelson alleged four grounds, one of which has merit.
The issue for resolution is whether the trial court erred in classifying Nelson as a PRR on the two convictions of battery of a person sixty-five years old or older, pursuant to section 784.08(2)(c), Florida Statutes (2004). In State v. Hearns, 961 So.2d 211 (Fla.2007), the Florida Supreme Court looked at the elements of the offense charged, battery on a law enforcement officer, and determined that since a battery could include a mere touching, it would not necessarily be a forcible felony under the *1262 PRR statute. We conclude that Hearns applies to the instant charges and that Nelson is not subject to sentencing as a PRR for the two battery offenses. Battery of a person sixty-five years old or older is neither an enumerated felony nor does it contain the necessary element of "the use or threat of physical force or violence against an individual." See § 784.08(2)(c), Fla. Stat. (2004); Hearns, 961 So.2d at 216 ("We reiterate that the only relevant consideration [when determining whether an offense constitutes a forcible felony] is the statutory elements of the offense. If `the use or threat of physical force or violence against any individual' is not a necessary element of the crime, `then the crime is not a forcible felony within the meaning of the final clause of section 776.08.'").
Accordingly, we affirm the denial of Nelson's motion for postconviction relief in all respects except as to his PRR designation on the two counts of battery on a person sixty-five years old or older. As to those two charges, we reverse and remand with directions that the PRR designation be stricken. Nelson need not be present at the time the sentence is corrected. See Highberger v. State, 863 So.2d 1256, 1257 (Fla. 5th DCA 2004).
AFFIRMED in part; REVERSED in part; and REMANDED with directions.
GRIFFIN and MONACO, JJ., concur.