On Motion for Rehearing

PER CURIAM.
We grant appellant’s motion for rehearing. The opinion issued on March 25, 2009, is withdrawn and the following opinion is substituted in its place.
Dwain D. Wright appeals the summary denial of his motions for post-conviction relief. We reverse the order only as to Wright’s contention that the trial court improperly sentenced him as a prison re-leasee reoffender (“PRR”) on his two convictions for felony battery on a person sixty-five years of age or older. See § 784.08(2)(c), Fla. Stat. (2003) (reclassifying misdemeanor battery of the first de *521 gree to felony battery of the third degree based on the victim’s age). Wright may not be sentenced as a PRR because a conviction for battery on a person sixty-five years of age is not a qualifying offense. See § 775.082(9)(a)l., Fla. Stat. (2003). Under the PRR statute, this felony battery offense is not an enumerated felony and it does not fall within the catchall provision for forcible felonies. Nelson v. State, 987 So.2d 1261, 1262 (Fla. 5th DCA 2008) (holding that the defendant may not be sentenced as a PRR for a conviction of battéry on a person sixty-five years of age or older); see State v. Hearns, 961 So.2d 211 (Fla.2007). Accordingly, we affirm the summary denial except as to the PRR sentencing claim. As to that claim, we reverse and remand with directions that the PRR designation be stricken as to count two in case number 03-20844, and stricken as to count one in case number 03-20845.
Affirmed in part, reversed in part, and remanded.