IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ERICK LESLIE BATTA,

Appellant,

v.                                                    Case No.  5D21-1655
                                                      LT Case No. 2018-CF-001960-A

STATE OF FLORIDA,

Appellee.

_____/

Opinion filed August 12, 2022

Appeal from the Circuit Court
for Hernando County,
Stephen E. Toner, Jr., Judge.

Matthew J. Metz, Public Defender,
and Edward J. Weiss, Assistant
Public Defender, Daytona Beach, for
Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Deborah A.
Chance, Assistant Attorney General,
Daytona Beach, for Appellee.

WALLIS, J.

Appellant appeals his judgment and sentence following his conviction for felony battery. He argues that his trial counsel was ineffective on the face of the record and that the trial court erred by sentencing him as a violent career criminal (VCC). We affirm Appellant's ineffective assistance of counsel claims without further elaboration but reverse Appellant's VCC designation and remand for the trial court to resentence him accordingly.

The State charged Appellant with aggravated battery with a deadly weapon and pursued a VCC designation. At the sentencing hearing, the trial judge ruled that Appellant met the criteria to be sentenced as a VCC. Specifically, the trial court found that Appellant had met the requirements of section 775.084(1)(d), Florida Statutes (2021), due to his prior convictions for battery on a person over 65, aggravated assault with a deadly weapon, and aggravated assault with a firearm. Of particular importance to this appeal, the trial judge ruled that battery on a person over 65 meets the definition of a qualifying offense under the VCC statute because it is a felony battery. The trial court then sentenced Appellant to fifteen years with a ten-year minimum mandatory.

In order to sentence a defendant as a VCC, a sentencing court must determine that the defendant meets the requirements of section 775.084(1)(d). Importantly, section 775.084(1)(d)1. requires that a defendant

2

be convicted of at least three violent qualifying felonies that are enumerated in that statute. Among the list of crimes listed is the catch all phrase, "[a]ny forcible felony, as described in s. 776.08." § 775.084(1)(d)1.a., Fla. Stat. Looking to the text of section 776.08, Florida Statutes (2021), a forcible felony is defined, in part, as "any other felony which involves the use or threat of physical force or violence against any individual."

Appellant argues that his prior conviction of battery on a person over 65 was not a forcible felony under section 775.084(1)(d)1.a., and therefore, the trial court erred in sentencing him as a VCC. The State does not dispute Appellant's argument; rather, it acknowledges the decision in State v. Hearns, 961 So. 2d 211 (Fla. 2007), where the Florida Supreme Court ruled that battery on a law enforcement officer is not a forcible felony for purposes of a VCC sentence. The Hearns opinion reasoned that battery on a law enforcement officer, which consists of a simple battery under section 784.03(1)(a), Florida Statutes (2006), and an enhancement under section 784.07, Florida Statutes (2006), may be committed by a simple touching or nominal contact and does not necessarily require physical force or violence. Id. at 213–15. Therefore, because battery on a law enforcement officer does not necessarily require physical force or violence, it cannot be a forcible felony under section 775.084(1)(d)1.a. Id. at 215.

3

We also note that our Court has previously relied on <u>Hearns</u> to conclude that battery on a person over 65 is not a forcible felony for purposes of a PRR sentence. <u>See</u> <u>Nelson v. State</u>, 987 So. 2d 1261, 1262 (Fla. 5th DCA 2008). We find that the same analysis applied in <u>Hearns</u> and <u>Nelson</u> is appropriate here with regard to the facts of our case because battery on a person over 65 is a simple battery that does not necessarily require physical force or violence, and thus, cannot be a forcible felony under section 775.084(1)(d). Consequently, Appellant's conviction for battery on a person over 65 cannot support his VCC sentence. We thereby reverse and remand with instructions for the trial court to strike Appellant's designation as a VCC and to resentence him accordingly.

AFFIRMED in Part; REVERSED in Part; REMANDED with Instructions.

EVANDER and HARRIS, JJ., concur.